MACKEY V STATE






 NO. 07-97-0375-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A




JULY 29, 1998



______________________________




JOE LEE MACKEY, APPELLANT



V. 


THE STATE OF TEXAS, APPELLEE


_________________________________



ABATEMENT AND REMAND

_______________________________


FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-424936; HONORABLE JIM B. DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and DODSON and REAVIS, JJ. 

 From a not guilty plea, appellant Joe Lee Mackey, was
convicted of delivery of less than four grams but more than one
gram of cocaine. Upon finding the indictment's two enhancement
averments true, the jury assessed his punishment at sixty-five
years confinement in the Texas Department of Criminal Justice,
Institutional Division. Appellant timely filed his notice of
appeal. 

 The clerk's record was filed on December 31, 1997, and the
reporter's record was filed on January 29, 1998. Appellant is
represented by appointed counsel in this appeal. We granted
appointed counsel three extensions to file appellant's brief, the
last being due on May 26. 

 On July 8, this Court informed the district attorney and
appellant that the appellant's brief was due on May 26, and yet no
brief had been filed. The Court further advised them that the
appeal would be abated and the cause remanded for a factual hearing
unless appellant filed with this Court, within ten (10) days, a
response satisfactorily explaining the absence of the brief. Tex.
R. App. P. 38.8(b). No such response has been received. 

 Accordingly, we abate the appeal and remand the case to the
trial court for proceedings under Rule 38.8(b). In pertinent part,
this rule provides:

 (1) Effect. An appellant's failure to timely file a
brief does not authorize either dismissal of the appeal
or, except as provided in (4), consideration of the
appeal without briefs. 

 (2) Notice. If the appellant's brief is not timely
filed, the appellate clerk must notify counsel for the
parties and the trial court of that fact. If the
appellate court does not receive a satisfactory response
within ten days, the court must order the trial court to
immediately conduct a hearing to determine whether the
appellant desires to prosecute his appeal, whether the
appellant is indigent, or, if not indigent, whether
retained counsel has abandoned the appeal, and to make
appropriate findings and recommendations. (Emphasis
added).

 (3) Hearing. In accordance with (2), the trial court
must conduct any necessary hearings, make appropriate
findings and recommendations, and have a record of the
proceedings prepared, which record--including any order
and findings--must be sent to the appellate court. 

 (4) Appellate court action. Based on the trial court's
record, the appellate court may act appropriately to
ensure that the appellant's rights are protected,
including initiating contempt proceedings against
appellant's counsel. If the trial court has found that
the appellant no longer desires to prosecute the appeal,
or that the appellant is not indigent but has not made
the necessary arrangements for filing a brief, the
appellate court may consider the appeal without briefs,
as justice may require. 


 Upon remand, the trial court shall immediately cause notice of
a hearing to be given and, thereafter, conduct a hearing to
determine the following: 

 1. whether appellant still desires to prosecute the
appeal; 

 2. whether appellant is still indigent and entitled to
appointed counsel; 

 3. whether counsel for appellant has abandoned the
appeal; and 

 4. whether appellant has been denied effective
assistance of counsel given his attorney's failure to
file a brief. 

 

If the trial court finds that the appellant is still indigent, the
trial court shall take such measures as may be necessary to assure
effective representation of counsel, which may include the
appointment of new counsel. Accord Tex. R. App. P. 38.8(b) (2) &
(3). If the trial court appoints counsel for appellant, the judge
shall state the name, address, and state bar number of said counsel
in the court's findings. Moreover, the court shall further order
appellant's counsel or appointed counsel to file appellant's brief
no later than thirty (30) days after the date of the abatement
hearing. 

 Upon remand, the judge of the trial court shall immediately
cause notice to be given of, and shall conduct a hearing in
accordance with provisions of Rule 38.8(b), supra, to determine the
matters stated therein and enumerated above. After the hearing,
the trial court shall cause the preparation of a supplemental
clerk's record containing the court's findings of fact, conclusions
of law, and such orders as the court may make and sign. Then the
trial court shall cause the supplemental clerk's record and the
reporter's record made at the hearing to be submitted to this Court
not later than August 31, 1998.

 It is so ordered.

 Per Curiam


Do not publish. Tex. R. App. P. 44.4.